UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BARBARA POCINO,

                Plaintiff,

       -against-

ELIZABETH CULKIN, individually and as
Principal, and NEW YORK CITY
DEPARTMENT OF EDUCATION,

                Defendants.
-------------------------------------------------------------X

MEMORANDUM & ORDER
09 CV 3447 (RJD) (RLM)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 3 1 2010 ★
BROOKLYN OFFICE

DEARIE, Chief Judge.

      Barbara Pocino, a tenured New York City public school teacher, alleges that defendant Elizabeth Culkin, principal of P.S. 176 in Brooklyn, created a hostile work environment in retaliation for Pocino's filing of an age discrimination lawsuit in 2003. Pocino asserts claims against Culkin and the New York City Department of Education ("DOE") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, New York State Executive Law § 296, and New York City Administrative Code § 8-107. Defendants move to dismiss Pocino's complaint in its entirety. For the following reasons, their motion is granted.

## BACKGROUND

      In August 2003, Pocino and several other teachers filed an age discrimination lawsuit in the Southern District of New York against DOE and several school superintendents and principals, including Culkin (the "S.D.N.Y. action"). See Carmellino v. New York City Dept. of Educ., 03 CIV 5942 (S.D.N.Y.) (PKC). In September 2006, District Judge Castel granted summary judgment for defendants dismissing the action. See Carmellino v. District 20 of New York City Dept. of Educ., 2006 WL 2583019 (S.D.N.Y. Sept. 6, 2006).

On August 5, 2008, Pocino filed a Charge of Discrimination against Culkin with the Equal Employment Opportunity Commission ("EEOC"), alleging that, in retaliation for filing the S.D.N.Y. action, Culkin subjected her to a hostile work environment. On May 15, 2009, the EEOC denied Pocino's claim and notified her of her right to sue. Pocino filed the instant complaint on August 7, 2009, reiterating her claim that Culkin subjected her to a hostile work environment in retaliation for filing the S.D.N.Y. action. Specifically, Pocino alleges that, from October 31, 2007 to the "last act of the continuing violation" on May 7, 2008, Culkin "denied [Pocino] support services," "wr[ote] [Pocino] up on baseless, fabricated, and false accusations," "intimidate[d] students and staff members into making up false statements against [Pocino]," "placed adverse material in [Pocino's] employment file without giving [Pocino] an opportunity to read such material," "reassigned [Pocino] to the Reassignment Center, a/k/a the 'Rubber Room,'" "denied [Pocino] a grievance hearing," and "gave [Pocino] an 'NA (Not Applicable) rating only, for the year 2007/2008."

## DISCUSSION

I.  Motion To Dismiss Standard

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

2

II.  Title VII Claims

Pocino's Title VII claims are readily dismissed. Title VII "forbids an employer to retaliate against an employee for, inter alia, complaining of employment discrimination prohibited by Title VII." Ventimiglia v. Hustedt Chevrolet, 2009 WL 803477, at *13 (E.D.N.Y. Mar. 25, 2009) (quoting Kessler v. Westchester County Dep't of Soc. Servs., 461 F.3d 199, 205 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-3(a)). Because Title VII does not prohibit discrimination on the basis of age, Pocino's claims that she was retaliated against for bringing the S.D.N.Y. age discrimination action are not cognizable under Title VII. See Bornholdt v. Brady, 869 F.2d 57, 62 (2d Cir. 1989) (affirming dismissal of Title VII retaliation claim predicated on age discrimination: "Title VII plainly does not apply, since that statute governs complaints relating only to discrimination on the basis of race, color, religion, sex, or national origin, and not discrimination on the basis of age") (citing 42 U.S.C. § 2000e-2)).[1]

III.  Age Discrimination in Employment Act Claims

Defendants argue that, to the extent the Court, pursuant to Rule 8(e) of the Federal Rules of Civil Procedure, construes Pocino's retaliation claims as arising under the Age Discrimination in Employment Act ("ADEA"), Pocino has also failed to state claims under that statute.

In order to state a claim for retaliation under the ADEA, Pocino must allege "(1) participation in a protected activity; (2) that the defendant[s] knew of the protected activity; (3) adverse employment action; and (4) a causal connection between [her] protected activity and the adverse employment action." Fordham v. Islip Union Free School Dist., 662 F. Supp. 2d 261, 273 (E.D.N.Y. 2009) (quoting Gordon v. N.Y. City Bd. of Educ., 232 F.3d 111, 113 (2d Cir.

---

[1] Pocino's Title VII claim against Culkin fails for the additional reason that Title VII does not allow for individual liability. See Gregory v. Daly, 243 F.3d 687, 689 n.1 (2d Cir. 2001) (individuals may not be held liable under Title VII) (citing Tomka v. Seiler Corp., 66 F.3d 1295, 1314 (2d Cir. 1995)).

2000)). Defendants do not dispute that Pocino has sufficiently pled the first three elements of her retaliation claims. They argue, however, that Pocino's retaliation claims must be dismissed because she has failed to allege facts that give rise to an inference of a causal connection between a protected activity and a purported adverse employment action(s).

To establish a causal connection, Pocino must allege "(i) direct proof of retaliatory animus against [her]; (ii) disparate treatment of similarly situated employees; or (iii) that the retaliatory action occurred close in time to the protected activities." McNair v. NYC Health & Hosp. Co., 160 F. Supp. 2d 601, 604 (S.D.N.Y. 2001) (citing DeCintio v. Westchester County Medical Center, 821 F.2d 111, 115 (2d Cir. 1987)). Pocino does not allege that she has any direct evidence of retaliatory animus or that she was treated any differently than similarly situated employees because she filed the S.D.N.Y. action. Rather, she alleges that Culkin's adverse actions occurred close enough in time to the S.D.N.Y. action that a plausible inference of retaliatory motive arises. The Court does not agree.

As an initial matter, the parties disagree over what phase of the S.D.N.Y. action constitutes Pocino's relevant protected activity. Defendants argue that the relevant protected activity is Pocino's filing of the S.D.N.Y. action in August 2003. Pocino argues that the relevant protected activity is not the filing of the action but rather Judge Castel's dismissal of the action in September 2006. Defendants have the better of the argument. Protected activity under the ADEA includes opposing or charging unlawful practices, or participating in any manner in the investigation, proceedings or litigation of an ADEA claim. See Dinicola v. Chertoff, 2007 WL 1456224, at *5 (E.D.N.Y. May 16, 2007) (citing 29 U.S.C. § 623(d)). Whereas Pocino's filing of the S.D.N.Y. action is clearly a protected activity, Judge Castel's dismissal of the S.D.N.Y. action -- an act in which Pocino took no part -- is clearly not. See Altieri v. Albany Public

4

Library, 172 Fed. Appx. 331 (2d Cir. 2006) ("To the extent plaintiff seeks to avoid this conclusion by urging us to focus on the shorter eleven-month interval between resolution of the co-worker's case in which she testified and the first alleged act of retaliation, the resolution date is not relevant because it does not define plaintiff's protected activity and otherwise suggest [sic] no basis for inferring a retaliatory motive.") (citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) ("The Ninth Circuit's opinion did not adopt respondent's utterly implausible suggestion that the EEOC's issuance of a right-to-sue letter -- an action in which the employee takes no part -- is a protected activity of the employee.")); see also Derosena v. General Bd. of Pensions & Health Benefits of United Methodist Church, Inc., 560 F. Supp. 2d 652, 670 (N.D. Ill. 2008) ("[T]o the extent that Derosena attempts to argue that either the issuance or her receipt of the June 9 right to sue letter constituted a protected activity, this argument is without merit") (citing Clark County Sch. Dist.)).

Because the Court concludes that the protected activity is Pocino's filing of the S.D.N.Y. action in 2003, the gap between Pocino's purported activity and Culkin's first adverse action in October 2007 is more than four years. Although Pocino correctly notes that the Second Circuit has not set a bright-line rule delineating when retaliatory conduct can be said to follow sufficiently close in time to a protected activity to establish the requisite causal connection, it is well established that "the cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" Deravin v. Kerik, 2007 WL 1029895, at *11 (S.D.N.Y. Apr. 2, 2007) (quoting Clark County School Dist., 532 U.S. at 273). Accordingly, the Court does not hesitate in concluding that a lapse of four years is simply too long for a plausible inference of retaliation to

be drawn. See Altieri, 172 Fed. Appx. 331 (affirming dismissal of plaintiff's retaliation claim at pleading stage because no plausible inference of retaliatory motive could be drawn when two years elapsed between protected activity and alleged adverse action).

Even if the Court were to credit Pocino's argument that the relevant protected activity is Judge Castel's dismissal of the S.D.N.Y. action in September 2006, dismissal of her retaliation claims would still be warranted. A lapse of 13 months between the purported protected activity and adverse action is, in the absence of any other credible allegation of a retaliatory motive, simply too long a period to give rise to a plausible inference of retaliation. See e.g., Ludwiczak v. Hitachi Capital America Corp., 528 F. Supp. 2d 48, 60 (D. Conn. 2007) ("In the Second Circuit and district courts within the Second Circuit, time periods greater than one year have been found, in general, to be insufficient to establish this temporal relationship.") (citing Deravin); Moses v. City of New York, 2007 WL 2600859, at *3 (Aug. 28, 2007) ("No direct evidence supports a finding of retaliatory animus and, given the thirteen months separating the protected activity from the adverse action, plaintiff does not benefit from the inference of discriminatory intent afforded in cases of temporal proximity.") (citing Clark County School Dist.); McCormick v. Donovan, 365 Fed. Appx. 247, 249 (2d Cir. 2010) (affirming district court's dismissal of retaliation claim at pleading stage: "year and a half delay – without any additional evidence or special circumstances that would suggest causation – was insufficient to suggest a causal relationship between the two events so as to demonstrate a *prima facie* case of retaliation. Accordingly, the district court correctly dismissed this claim, as it failed as a matter of law."). Pocino's attempt to save her claim by arguing that a lapse of 13 months does not preclude an inference of retaliation because Culkin did not have the opportunity to retaliate sooner is belied by the allegations in her complaint that "[a]s the principal during all relevant

times herein, defendant Culkin ha[d] the power to make personnel decisions regarding plaintiff's employment," and that "[a]t all times mentioned herein, defendant Culkin was plaintiff's direct supervisor." (Compl. ¶¶ 13, 15.) While the Court can certainly envision cases where, notwithstanding a 13-month lapse between an employee's protected activity and her employer's adverse action, a plausible inference of retaliatory motive may arise, Pocino's own allegations suggest that this is not one of those cases.[2]

IV.   42 U.S.C. §§ 1981, 1983

Pocino's Fourteen Amendment equal protection claims, brought pursuant to 42 U.S.C § 1981, are also dismissed as it well established that § 1981 does not create a claim for relief based on age discrimination. See Hogan v. J.P. Morgan Chase Bank, 2008 WL 4185875, at *3 (E.D.N.Y. Sept. 4, 2008) (citing Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir. 1998)).

Pocino seeks leave to amend her complaint and assert her equal protection claims pursuant to 42 U.S.C. § 1983. Because § 1983 claims are analyzed under the same standards as ADEA claims, see Shapiro v. New York City Dept. of Educ., 561 F. Supp. 2d 413, 422 n.2 (S.D.N.Y. 2008) (citing Sorlucco v. N.Y. City Police Dept., 888 F.2d 4, 7 (2d Cir. 1989)), amending the complaint to add a claim under § 1983 would be futile. Accordingly, leave to amend is denied. See e.g., Jackson v. County of Nassau, 2009 WL 393640, at *3 (E.D.N.Y. Feb. 13, 2009) (denying motion to amend complaint where amendment would be futile).

V.   State Law Claims

Because the Court has dismissed all of Pocino's federal claims, her remaining state law claims are also dismissed. See Sadallah v. City of Utica, 383 F.3d 34, 39-40 (2d Cir. 2004)

---

[2] The ADEA, like Title VII, does not allow for individual liability. See Fox v. State University of New York, 497 F. Supp. 2d 446, 449-50 (E.D.N.Y. 2007) (citing cases). Accordingly, Pocino's ADEA claim against Culkin is dismissed for this reason as well.

7

("[B]ecause plaintiffs no longer have any viable federal claim, any remaining state law claims belong in state, rather than federal, court") (citing <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966)).

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is granted. Plaintiff's motion to amend her complaint is denied. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
     August 30, 2010

                                          s/Raymond Dearie
                                         RAYMOND J. DEARIE
                                         United States District Judge